IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY <br> OF INDIANA as subrogee of Philip and <br> Carol Giessler, <br> 175 Berkeley Street <br> Boston, MA 02116 | : <br> : <br> : <br> : <br> : <br> : | Case No. 2:22-cv-02858 |
| Plaintiff, | : <br> : | |
| v. | : <br> : | **JURY TRIAL DEMANDED** |
| LOWE'S COMPANIES, INC. <br> 1000 Lowe's Boulevard <br> Mooresville, NC 28117 | : <br> : <br> : <br> : <br> : | |
| RICH ACHIEVER INC. LLC. <br> 16654 Mount Michaels Cir. <br> Fountain Valley, CA 92708 | : <br> : <br> : <br> : | |
| and | : <br> : | |
| NEW WIDETECH INDUSTRIES CO., LTD. <br> Section B, 34 FL. <br> No. 16-1 Xinzhan Rd. <br> Banqiao District <br> New Taipei City, Taiwan | : <br> : <br> : <br> : <br> : <br> : | |
| Defendants. | : | |

**COMPLAINT**

NOW COMES Plaintiff, Safeco Insurance Company of Indiana as subrogee of Philip and Carol Giessler, by and through its attorneys, and for its Complaint against Defendants Lowe's Companies, Inc., Rich achiever Inc. LLC, and New Widetech Industries Co., Ltd., alleges:

1.      Plaintiff, Safeco Insurance Company of Indiana ("Safeco"), is an insurance company incorporated in the State of Indiana, with a principal place of business located 17

Berkeley Street, Boston, MA 02116, which, at all times material hereto, was authorized to and did regularly and systematically write property insurance in and about the United States, including the State of Ohio.

2. At all times material hereto, Safeco's insureds, Philip and Carol Giessler ("Giessler"), were the citizens and residents of the State of Ohio who owned and resided at the real property located at 453 Hinsdale Ct., Worthington, Ohio 43085 ("the Property").

3. At all times material hereto, Safeco provided property insurance coverage to Giessler for the Property.

4. Defendant, Lowe's Companies, Inc. ("Lowe's") is a North Carolina corporation with a principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina 28117, and at all times relevant was engaged in the business of selling, distributing, and marketing, *inter alia*, dehumidifiers.

5. Defendant, Rich Achiever Inc. LLC ("Rich Achiever"), is a Delaware limited liability company with a principal place of business located at 16654 Mount Michaels Cir., Fountain Valley, CA, and at all times material hereto was engaged in the business of designing, manufacturing, assembling, marketing, supplying and/or distributing home consumer products, including dehumidifiers.

6. Upon information and belief, no member of Rich Achiever is a citizen of Ohio.

7. Defendant, New Widetech Industries Co., Ltd. ("New Widetech"), is a Taiwanese corporation with its principal place of business located at Section B, 34 FL., No. 16-1, Xinzhan Rd., New Taipei City, Taiwan, and, at all times material hereto, was engaged in the business of designing, manufacturing, assembling, marketing, supplying and/or distributing home consumer products, including dehumidifiers.

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) in that the amount in controversy exceeds $75,000 and the parties are citizens of different states.

2. On information and belief, Defendant New Widetech: (a) designed, manufactured, assembled, sold, and/or distributed the dehumidifier that made the basis of this suit to conform with United States governmental and industry safety and design standards and criteria, including safety standards by United States regulatory agencies and state common law court decisions; (b) have advertised on the internet and other media with a goal toward expanding the market for Defendants' components and other products to all of the United States, including Ohio; (c) have retained American legal counsel to defend and protect Defendants' interests when foreseeable product liability suits are filed against said Defendants in the United States; and (d) said Defendants' components and products are sold and/or distributed by several retailers in Ohio. Accordingly, the Court has specific and/or general jurisdiction over New Widetech.

3. Venue is proper in the this district pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3) because Defendants' contacts with this district would be sufficient to subject those Defendants to personal jurisdiction if this district was a separate state, and a substantial part of the events giving rise to the claim occurred in this district.

## GENERAL ALLEGATIONS

8. Prior to On July 16, 2015, Giessler purchased an Aeon Air branded dehumidifier from Lowe's for use at the Property (the "Dehumidifier").

9. The Dehumidifier was designed, manufactured, assembled, marketed, supplied and/or sold distributed by Defendants Lowe's, Rich Achiever and/or New Widetech.

10. The Dehumidifier was branded AeonAir with Model No. WDH-945EL-1.

3

11. At all times relevant, the Dehumidifier was in substantially the same condition as it was when Defendants placed it in the stream of commerce.

12. At all times material hereto, Giessler operated the Dehumidifier in the manner in which it was intended by the defendants and in accordance with all warnings and instructions.

13. On August 2, 2020, the Dehumidifier overheated and caught fire ("the Fire").

14. The Fire spread from the Dehumidifier and caused significant damage to the Property.

15. On or about August 4, 2021, the Consumer Product Safety Commission issued a recall of the Dehumidifier.

16. The Dehumidifier was recalled because the "dehumidifiers can overheat and catch fire, posing fire and burn hazards." (Consumer Products Safety Commission Recall No. 21-174, issued August 4, 2021).

17. The Fire was the result of a defect in the Dehumidifier which existed when it left the control of Defendants.

18. Pursuant to the terms and conditions of the applicable insurance policy, Safeco made payments to its insureds in an amount in excess of $600,000 for damages resulting from the Fire.

19. Pursuant to the principles of legal and equitable subrogation, as well as the terms and conditions of the Policy, Safeco is subrogated to the rights of its insured to the extent of its payments for any claims against the Defendants.

**COUNT I**
**STRICT LIABILITY – DESIGN DEFECT (ORC §2307.75, et seq.)**

20. Plaintiff incorporates by reference paragraphs 1-19 of this Complaint above as if fully set forth herein.

21. The Dehumidifier was not reasonably safe for its intended use and was defective with respect to its design pursuant to ORC §2307.75, et seq.

22. The fire and ensuing damages at the Property were a direct and proximate result of the defects in the Dehumidifier.

23. Defendants are strictly liable to Plaintiff as a result of the defects in the Dehumidifier which caused the damages sustained by the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants Lowe's, Rich Achiever, and New Widetech in an amount in excess of $600,000 together with interest and the costs of this action, and such other and further relief as this Court deems just and proper.

## COUNT II
## STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT (ORC §2307.74, et seq.)

24. Plaintiff incorporates by reference paragraphs 1-19 of this Complaint above as if fully set forth herein.

25. The Dehumidifier was not reasonably safe for its intended use and was defective with respect to its manufacture and construction pursuant to ORC §2307.74, et seq.

26. The fire and ensuing damages at the Property was a direct and proximate result of the defects in the Dehumidifier.

27. 62. Defendants are strictly liable to Plaintiff as a result of the defects in the Dehumidifier which caused the damages sustained by the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants Lowe's, Rich Achiever, and New Widetech in an amount in excess of $600,000 together with interest and the costs of this action, and such other and further relief as this Court deems just and proper.

**COUNT III**
**STRICT LIABILITY – FAILURE TO WARN (ORC §2307.76, et seq.)**

28. Plaintiff incorporates by reference paragraphs 1-19 of this Complaint above as if fully set forth herein.

29. The Dehumidifier was not reasonably safe for its intended use and was defective due to its lack of appropriate and necessary warnings pursuant to ORC §2307.76, et seq.

30. As a direct and proximate result of the aforementioned defects, Defendants caused damages and losses to Plaintiff.

31. Defendants are strictly liable to Plaintiff for distributing a defective product that lacked appropriate and necessary warnings that caused the damages and losses sustained by Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants Lowe's, Rich Achiever, and New Widetech in an amount in excess of $600,000 together with interest and the costs of this action, and such other and further relief as this Court deems just and proper.

**COUNT IV**
**STRICT PRODUCT LIABILITY: DEFECT DUE TO NONCONFORMANCE WITH REPRESENTATION (ORC §2307.77, et seq.)\**

32. Plaintiff incorporates by reference paragraphs 1-19 of this Complaint above as if fully set forth herein.

33. The Dehumidifier was not reasonably safe for its intended use and was defective with respect to its nonconformance with representations made by Defendants pursuant to ORC §2307.77, et seq.

34. Defendants expected and intended the Dehumidifier to reach the user, the Giesslers, in the condition in which the Dehumidifier was sold supplied and delivered to the Giesslers.

6

35. Defendants represented to Giesslers that the Dehumidifier was safe, effective and fit for its intended use at the Property.

36. The Giesslers reasonably and justifiably relied upon Defendants' representations that the product was safe for its intended use at the Property, and that the Dehumidifier would conform to Defendants' representations regarding the character and quality of the Dehumidifier for such use.

37. Defendants are strictly liable to Plaintiff for the damages and losses sustained by the Plaintiff as a result of Defendants' noncompliance with their representations.

38. WHEREFORE, Plaintiff demands judgment against Defendants Lowe's, Rich Achiever, and New Widetech in an amount in excess of $600,000 together with interest and the costs of this action, and such other and further relief as this Court deems just and proper.

## COUNT V: NEGLIGENCE

39. Plaintiff incorporates by reference paragraphs 1-19 of this Complaint above as if fully set forth herein.

40. The Fire and resulting damages were a direct and proximate result of the negligence, gross negligence, carelessness, omissions, and/or failures to act of Defendants, their employees, agents and/or servants, acting within the course and scope of their employment, both in general and in the following particulars:

   a. Supplying a product which was defective and negligently designed and/or manufactured;

   b. Failing to properly and safely inspect and test the Dehumidifier before putting it into the stream of commerce;

   c. Distributing the Dehumidifier in a defective and unreasonably dangerous condition;

   d. Failing to use reasonable care in the design and manufacture of the Dehumidifier so as to make it safe for its intended use;

e. Failing to warn customers about the substantial risk of fire posed by the normal and intended use of the Dehumidifier;

f. Failing to design appropriate safeguards in the Dehumidifier to prevent it from causing a fire;

g. Failing to provide proper warnings and instructions regarding the Dehumidifier; and

h. Such other and further negligent acts or omissions as shall be revealed in discovery.

WHEREFORE, Plaintiff demands judgment against Defendants Lowe's, Rich Achiever, and New Widetech in an amount in excess of $600,000 together with interest and the costs of this action, and such other and further relief as this Court deems just and proper.

## COUNT VI:  BREACH OF IMPLIED WARRANTY

41. Plaintiff incorporates by reference paragraphs 1-19 of this Complaint above as if fully set forth herein.

42. In placing the Dehumidifier into the stream of commerce, Defendants impliedly warranted that the Dehumidifier was safe, merchantable and fit for its intended use.

43. The Dehumidifier overheated and caught fire while being used for its intended purpose and was therefore not fit for its intended purpose.

44. The Dehumidifier also lacked proper warnings and instructions regarding the risk of fire associated with Dehumidifier.

45. Defendants breached their implied warranty because the Dehumidifier was unsafe, not of merchantable quality and unfit for its intended uses when it was placed into the stream of commerce.

46. As a direct and proximate result of the aforesaid breach of warranty, the Fire occurred and resulted in damages to the Property.

WHEREFORE, Plaintiff demands judgment against Defendants Lowe's, Rich Achiever, and New Widetech in an amount in excess of $600,000 together with interest and the costs of this action, and such other and further relief as this Court deems just and proper.

Dated: July 19, 2022	SAFECO INSURANCE COMPANY
OF INDIANA as subrogee of Philip and
Carol Giessler,

By:	*/s/ Mark Utke*
Mark Utke
Cozen O'Connor
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel: 215-665-2013
Email: mutke@cozen.com

Marisa L. Saber (Pro Hac Vice Pending)
Cozen O'Connor
123 N. Wacker Dr., Suite 1800
Chicago, IL 60606
Tel: 312-3183
Email: msaber@cozen.com